UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                          |   |                  |
|--------------------------|---|------------------|
| BRETTA KARP,             | ) |                  |
|     Plaintiff,           | ) |                  |
|                          | ) |                  |
|                          | ) | CIVIL ACTION     |
| v.                       | ) | NO. 11-10361-TSH |
|                          | ) |                  |
| CIGNA Healthcare, Inc.   | ) |                  |
|     Defendant.           | ) |                  |
|                          | ) |                  |

## ORDER
### September 14, 2012

**HILLMAN, D.J.**

### Background

Plaintiff, Bretta Karp, has filed a Complaint against CIGNA Healthcare, Inc. ("CIGNA") alleging claims for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and Massachusetts General Laws Chapter 151B. Karp, on behalf of herself and all other similarly situated employees, asserts that CIGNA engaged in systematic gender discrimination in the workplace.

On April 18, 2012, this Court (Saylor, D.J.) issued a decision in which he allowed CIGNA's motion to compel arbitration and stayed the proceedings in this Court pending such arbitration. *See Memorandum And Order On Defendant's Motion To Dismiss And Compel Arbitration* (Docket No. 34). On June 7, 2012, I was sworn in as the United State District Court Judge for the District of Massachusetts/Worcester Division. On June 13, 2012, this matter was reassigned to me for all purposes.

This Order addresses Plaintiff's Motion For Reconsideration Or, In The Alternative For Certification Of Interlocutory Appeal (Docket No. 35) and Plaintiff's Motion For Stay Of Arbitration Pending Reconsideration (Docket No. 37).

**Discussion**

*The Request to Reconsider Judge Saylor's Order Compelling Arbitration And Staying This Action*

Karp seeks to have this Court reverse Judge Saylor's order compelling the parties to arbitration and staying the proceedings in this Court. In support of her motion, Karp asserts that Judge Saylor committed manifest error of law and /or fact in concluding that: (1) she can fully vindicate her Title VII claims if compelled to arbitrate them on an individual basis without the benefit of the method of proof set forth in *International Bhd. Of Teamsters v. Untied States*, 431 U.S. 324, 360-61, 97 S.Ct. 1843 (1977); (2) she can obtain statutorily granted injunctive remedies in arbitration (either on a class or individual basis); and (3) that it would be economically feasible for her to pursue a pattern-or-practice claim in individual arbitration. I find that Karp has failed to establish that Judge Saylor committed any error of law or fact, never mind manifest error. Therefore, the motion is *denied.*1

*The Request To Certify Judge Saylor's Ruling For Interlocutory Appeal*

Karp requests that the Court certify the following question for interlocutory appeal: "Whether an arbitration agreement is unenforceable, on the grounds that it interferes with a Title VII plaintiff's ability to vindicate her statutory rights, where it prevents her from proving a violation be demonstrating a pattern or practice of defendant's conduct that gives rise to a presumption of discrimination and, instead, limits the plaintiff to proving discrimination based

---

1 I would be remiss if I did not express my disappointment with Plaintiff's mischaracterization of the nature of her motion as one for "reconsideration" when in reality, her filing is nothing more than a thinly veiled attempt to relitigate CIGNA's motion to compel arbitration before a different judge.

only on the defendant's conduct toward her individually." *Pl's Mem. In Sup. Of Mot. For Reconsideration Or, In the Alternative, For Certification Of Interlocutory App.* (Docket No. 36), at p. 21. She argues that certification for interlocutory appeal is appropriate because the issue involves a controlling question of law as to which there is substantial grounds for difference of opinion. *See* 28 U.S.C. § 1292(b).

The motion for interlocutory appeal is *denied*, both on the grounds of unreasonable delay (plaintiff waited over three and a half of months before filing her motion) and because I find that she has failed to establish that an immediate appeal is warranted. *See Dialysis Access Center, LLC v. RMS Lifeline, Inc.*, 638 F.3d 367 (1$^{sr}$ Cir. 2011)(where district court stays litigation pending arbitration, parties wishing to challenge case's arbitrability must normally wait until arbitrator resolves matter on merits and district court enters final judgment).

### *The Motion To Stay Arbitration Proceedings*

The Court has denied Karp's motion for reconsideration and/or interlocutory appeal. It follows, therefore, that the motion to stay arbitration proceedings is *denied* as moot.

### **Conclusion**

Accordingly, Plaintiff's Motion For Reconsideration Or, In The Alternative For Certification Of Interlocutory Appeal (Docket No. 35) and Plaintiff's Motion For Stay Of Arbitration Pending Reconsideration (Docket No. 37) are ***denied***.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE